## STRUETT v. HILL.

(Circuit Court of Appeals, Ninth Circuit. April 4, 1921.)

No. 3539.

1. **Mortgages ☞81—Right to foreclose security deed held not affected by sordid relations between the parties.**

Where plaintiff conveyed land to defendant to secure repayment of advances, the making of which was undisputed, and defendant executed a written promise to surrender and transfer the property on full payment of the amount secured, with taxes, assessments, etc., the intimate and sordid relations existing between the parties did not affect defendant's right to foreclose.

2. **Mortgages ☞86(3)—Admissions held to show advances secured were not a gift.**

Where plaintiff conveyed land to defendant to secure advances actually made by defendant, plaintiff's own written and oral admissions *held* to show that the money advanced was not a gift.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern Division of the District of Washington; Edward E. Cushman, Judge.

Suit by Kathryn Struett, formerly Kathrine Smith, against Harry B. Hill. From a decree for defendant, plaintiff appeals. Affirmed. See, also, 269 Fed. 247.

The appellant in her bill of complaint in the court below alleged that she was the owner of a certain parcel of land which on September 21, 1912, she mortgaged for $500; that when in October, 1915, suit was brought to foreclose the mortgage, the appellee, who was her intimate friend, advanced as a gift the money to pay off the mortgage as an expression of his appreciation and affection for her; that thereafter the appellee persuaded and induced the appellant to convey the property to him in order, as he said, to protect her against her own improvidence and so that she might always have it, promising to reconvey the same upon her request; that on October 10, 1916, she executed such conveyance, in which a consideration of $1,000 was recited, and on June 6, 1917, the appellee caused the same to be recorded; that the conveyance was without consideration; that the appellant has demanded a reconveyance of said property, but the appellee refuses to comply. The prayer of the complaint was that said conveyance be set aside and that the appellee be barred from setting up any estate, right, or title in the premises. The appellee in his answer alleged that he advanced for the appellant sums of money amounting in the aggregate to $1,000, and that the conveyance of August 10, 1916, was intended to operate as a mortgage to secure the same, and that at the request of the appellant he had paid taxes on the property. He demanded a decree that he have a judgment for the sum of $1,000, with interest, and that the deed be adjudged to be a mortgage, and that he have a decree of foreclosure accordingly. Upon the evidence the court below entered a decree as prayed for by the appellee.

Wm. P. Lord, of Portland, Or., for appellant.

John W. Roberts and E. L. Skeel, both of Seattle, Wash., and Harrison Allen, of Portland, Or., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge

GILBERT, Circuit Judge (after stating the facts as above). We find no merit in the appeal. There is no evidence whatever that the appellee at any time claimed to own the real estate, or was requested to or refused to convey the same to the appellant free of his claim of lien. The evidence is that at all times he claimed to hold the deed as a mortgage to secure him for his advances. It is not disputed that the advances were made. When he received the conveyance, he executed to the appellant a written promise to surrender and transfer the property to her upon the full payment of the consideration set forth in the deed, and the taxes and assessments, etc. On July 28, 1918, the appellee in answer to a letter from the appellant inquiring as to the amount of money he had advanced, replied:

"I have paid and loaned to you more than $1,000, but if you can possibly redeem the property by January 1, 1919, I will be willing to settle for a thousand."

The appellant admits that thereafter she promised to pay the appellee $500 cash and the balance shortly thereafter. On January 22, 1919, her attorney wrote to the appellee as follows:

"Under your letter of July 28 you say that you will reconvey this property upon the payment of $1,000 on or about the 1st day of January, 1919, but, as I construe the facts as they have been submitted to me, the only money that Mrs. Struett is required to pay is the amount expressed in your declaration of trust under date of December 22, 1916."

[1, 2] The intimate and sordid relations which existed between the parties, and which are stressed by the appellant's counsel, do not, in our opinion, in any way affect the merits of the controversy. The appellant's contention that the money advanced by the appellee was a gift to her is clearly contradicted by her own written and oral admissions, and the record shows nothing on which, in equity, relief can be afforded her.

The decree is affirmed.